## GILBERT *vs.* MERRILL.

The lien created by the attachment of a right in equity of redemption is not always limited to the amount of the judgment to be recovered; but may extend beyond that, to the whole amount for which the right may be sold by the sheriff.

Therefore, where a right in equity, while under attachment, was sold by the mortgagor to a stranger; after which judgment was recovered against the mortgagor, and the right in equity was duly sold on execution, by the sheriff, for a much greater sum than the amount of the execution;—it was held that the assignee of the mortgagor could not discharge the lien created by the attachment, by a tender of the amount of the judgment and costs; but must tender the whole sum which was paid by the purchaser at the sheriff's sale.

THIS was a bill in equity against *William Merrill*, jun. for the redemption of certain mortgaged premises. The facts were somewhat complicated; but the most material, collected from the bill and answer, were these. *Feb.* 18, 1826, one *Samuel Merrill*, being then seised in fee of the premises, mortgaged them to *Royal Lincoln*, to secure the payment of $343,94 and interest, in twelve months. *Feb.* 16, 1827, the right in equity of the mortgagor was attached in a suit in favor of *David Winslow* against him. *June* 20, 1827, *Samuel Merrill*, by deed of quitclaim, conveyed all his interest in the premises to *William Merrill*, jun. the defendant; who, on the day following, covenanted with *Samuel*, that on repayment of the consideration-money in four years, and on performance of certain other things therein expressed, he would reconvey the premises to him. This obligation *Samuel* afterwards assigned to *Gilbert*, the plaintiff, who was his creditor; but whether absolutely, or by way of collateral security, did not appear. The defendant, at the time of the conveyance to him, had no knowledge of *Winslow's* attachment. *July* 11, 1827, *Lincoln* assigned his mortgage to one *Isaac Sturdivant*, who, on the next day, assigned it to the defendant. *Winslow* recovered judgment in his suit against *Samuel Merrill*, jun. at *October* term, 1829, and having caused the right in equity, which had been attached, to be seasonably taken in execu-

tion, it was sold *Dec.* 18, 1829, by the sheriff, to *Gilbert,* the plaintiff, for five hundred and thirty four dollars. The amount of *Winslow's* execution was only $72,16 ; and to relieve the land from this incumbrance, the defendant, *July* 10, 1830, tendered ninety dollars, which the plaintiff refused to accept.

The question now raised and argued, was whether the defendant could discharge the lien created by the attachment, by the tender of this last sum.

The plaintiff further alleged in the bill that on the 21st day of *January,* 1831, he tendered to the defendant $453, to redeem the premises, requesting an account, &c.; and the defendant alleged an entry *July* 11, 1827, for condition broken, and a subsequent foreclosure by the lapse of three years. But this part of the case was not opened at this time.

*Daveis* for the defendant, contended that the attachment was in effect merely a prior mortgage to the amount of the debt and costs ; that the subsequent purchaser might relieve the land by paying only that amount ; that the balance of the purchase money paid by the plaintiff, did not belong to the mortgagor, but to his assignee ; and therefore that the tender of the ninety dollars was sufficient. *Bigelow v. Wilson,* 1 *Pick.* 485 ; *Gore v. Brazier,* 3 *Mass.* 541 ; *Wyman v. Brigden,* 4 *Mass.* 150 ; 7 *Dane's Abr.* 358, 359 ; 3 *D. &* *E.* 288 ; *Hob.* 132 ; *Jewett v. Felker,* 2 *Greenl.* 339.

*S. Fessenden, Deblois* and *W. P. Fessenden* for the plaintiff.

WESTON J. delivered the opinion of the Court.

The right, which *Samuel Merrill* had to redeem the premises mortgaged by him to *Royal Lincoln,* was, on the 16th of *February,* 1826, attached at the suit of *David Winslow.* At the *October* term of the Common Pleas in this county, 1829, he obtained judgment in that suit ; and the equity attached was duly and seasonably sold to the plaintiff, upon the execution, which issued upon that judgment. The right of the plaintiff has relation back to the day of the attachment ; and has therefore priority to the interest, conveyed by the said *Samuel* to the defendant, between the attachment and the sale of the equity.

Gilbert *v.* Merrill.

This principle, the counsel for the defendant does not contest, but insists that the priority, created by the attachment, is limited to the amount of *Winslow's* judgment, and the expenses of sale. But we find no warrant in the statute, providing for the attachment and sale of equities of redemption, for this position. *Stat.* 1821, *ch.* 60. The equity is indivisible; but it may be attached by more than one creditor, who will become interested in the proceeds of the sale, according to their priority. But whatever may be the value of the equity, compared with the debt, any creditor may attach, seise and sell it, however small may be the amount of the judgment he obtains. The debtor however may dissolve the attachment, and prevent the sale, by paying the debt. And so we apprehend might a subsequent purchaser. So far as the lien affected his estate, he would have a right to represent the debtor, in making such payment.

But if the debt be not paid, the equity is liable to be sold, to satisfy a judgment however inconsiderable, although it may be of great value. This arises from the statute right to attach, seize and sell, and from the indivisible character of the equity. The statute presumes that there may be a surplus; and provides for its distribution to other creditors, or its payment to the debtor. It results that the purchaser may hold his purchase, for the whole sum by him paid. If it were not so, there would be no safety in buying at such sales. No one would bid beyond the amount of the execution, upon which such sale might be made, which would often occasion great sacrifice of this kind of property. We are of opinion, that unless the defendant has other grounds of defence, the plaintiff's lien, on the premises in question, subject to the prior mortgage to *Lincoln,* extends to the whole amount by him paid, with the interest.